Before STATE INDUSTRIAL BOARD, Respondent.

EMMA M. COLVIN, Appellant, v. EMMONS & WHITEHEAD and Another, Respondents.

Third Department, May 5, 1926.

Workmen's compensation — employee was totally disabled through accident and was compensated therefor — later he fell from ladder and suffered injuries resulting in death — not material whether climbing on ladder was negligent — if fatal injury was due to vertigo which was result of prior injury then death resulted from injury within meaning of Workmen's Compensation Law, § 2, subds. 7 and 8 — case remitted to State Industrial Board for finding on question whether vertigo was result of first injury.

An employee who was permanently and totally disabled and was compensated therefor died as a result of the injury within the meaning of subdivisions 7 and 8 of section 2 of the Workmen's Compensation Law, where it is shown that some time after the first injury he fell from a ladder and suffered injuries which resulted in his death, if it appears that his fall from the ladder was caused by vertigo which was the result of the prior injury.

It is immaterial whether or not his act in climbing on the ladder in his then physical condition was negligent, for negligence is no defense to compensation.

The State Industrial Board having failed to make a finding as to whether or not vertigo which caused the employee to fall from the ladder was the result of his first injury, the case is remitted to it for a finding on that question.

APPEAL by Emma M. Colvin from a decision of the State Industrial Board, made on the 16th day of July, 1924, denying her an award.

*Walter W. Wilcox,* for the appellant.

*E. C. Sherwood* [*William B. Davis* of counsel], for the respondents.

COCHRANE, P. J. The husband of claimant on December 12, 1917, was permanently and totally disabled while working for his employer and was paid compensation accordingly until the time of his death July 3, 1923. On the latter date he was climbing a ladder standing against a house in process of construction by his son-in-law and when about two or three feet from the ground fell, causing a broken neck and death. He had been a carpenter by occupation and his interest in the house under construction by his son-in-law and his presence on the ladder were perhaps not unnatural. He was not, however, in any employment and no question is raised that he was able to work, but he could walk and evince an interest in what was occurring. It was admitted at the hearing that he had an attack of vertigo when he fell. There is evidence that he had been subject to dizzy spells following his accident in 1917, and a physician gave evidence that in his opinion the attack of vertigo which caused him to fall from the ladder was the direct result of the injuries sustained on December 12, 1917.

The Board found that death " was not naturally and unavoidably the result of the injuries " of December 12, 1917, and also made the following finding: " Deceased had no business to be performed on the ladder, he was not employed by anybody and in going upon the ladder, he placed himself in a hazardous, unnatural and improper place for a man in his physical condition." This latter finding is immaterial and is strongly suggestive that this case has been decided on an improper theory. Indiscreet and negligent it probably was for the deceased to go upon the ladder but indiscretion and negligence constitute no defense. The question for determination was whether there was causal relationship between the death and the accident of 1917. The statute furnishes the tests for determining that question. Section 2, subdivision 7, of the Workmen's Compensation Law of 1922 defines " injury " as meaning an accidental injury " arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom ". and subdivision 8 of said section defines " death " as meaning " only death resulting from such injury." (See, also, Workmen's Compensation Law of 1914, § 3, subds. 7, 8, as amd. by Laws of 1917, chap. 705.) Within the purview of these definitions the inquiry should have been first whether the vertigo was due to the accident of 1917. If so and it caused the deceased to fall from the ladder his death resulted from an " injury " " arising out of and in the course of employment " and causal relation between

accident and death existed. It is of course true in a superficial sense that the decedent would not have died had he not gone upon the ladder, but it may be equally true that having gone upon the ladder he would not have fallen had he not been attacked by vertigo due to his original accident. The case should have been considered from the latter standpoint because as already stated indiscretion, poor judgment and negligence on the part of the employee do not defeat a claim for compensation.

On the material question in the case the Board has made no finding. It apparently decided the case on the immaterial finding above quoted. The material question was whether the vertigo which concededly caused the deceased to fall was due to the accident of 1917. A specific finding on this important question should have been made. Because of the failure to make such finding the decision must be reversed. (*Matter of Shearer* v. *Niagara Falls Power Company,* 242 .N. Y. 70.) If on another hearing the Board on the evidence shall find that vertigo resulted from the accident of 1917 and that vertigo caused deceased to fall from the ladder and lose his life causal relationship between the accident of 1917 and death will be established.

All concur.

Decision reversed and claim remitted, with costs to the claimant against the employer and the insurance carrier to abide the event.