In the Matter of the Claim of C. W. BLACKLEY, Respondent, against NIAGARA ROOFING COMPANY and Another, Appellants, Impleaded with HOLLAND FURNACE COMPANY and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 20, 1929.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*William E. Lowther* [*Jeremiah F. Connor* of counsel], for the respondents London Guarantee and Accident Insurance Company and another.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

PER CURIAM. The award is against two employers and carriers. The claimant was first injured December 8, 1922, while in the employ of the Niagara Roofing Company. He fell striking his chest on an iron railing. We may assume that there is proof to sustain the finding that he suffered a fracture of the sternum at that time. Compensation for six months was paid and the case was closed. Claimant thereafter worked for other employers and at the time of a second injury, occurring December 22, 1926, he was working for the Holland Furnace Company, with whom he had been for about two years, earning full wages. The question is the liability of either or both the employers. The Board has made an award equally dividing the payment thereof between the two employers and their respective carriers.

The finding of the Board is that on December 22, 1926, " while lifting a furnace radiator through the cellarway, he *slipped* and there was a sudden strain thrown on both arms of claimant, with one arm over his head grasping a pipe, and the other arm holding the weight of the furnace, together with a sudden pain over the upper and lower portions of the sternum, causing a fracture   *   *   *, all of which has aggravated an old fracture of the sternum, which old fracture was the result of an accident and injury sustained on December 8, 1922, while claimant was working for the Niagara Roofing Co. The aforesaid accident and injury of December 22, 1926, has resulted in claimant being partially disabled," etc.

Assuming that claimant had an old fracture of the sternum due to the previous accident and the weakness from which caused the second accident to aggravate such old fracture, nevertheless the finding of the Board is that he *slipped* and put a sudden strain on the old fracture while helping to carry a heavy weight. The slipping in the circumstances of the second accident was the proximate cause of the second injury. It was a new cause without which the later injury to the sternum would not have occurred. The slipping was the accident; the strain and pain were the consequences of the accident. There is no finding that any condition due to the first injury caused him to slip and none such would be justified by the evidence. The most that can be said is that the consequences were more serious because of his physical condition. This is not like a case where a previous accident leaves a man subject to dizzy spells proximately causing him to fall and injure himself a second time. (*Colvin* v. *Emmons & Whitehead*, 216 App. Div. 577.)

The award should be modified by striking out the direction that its payment be equally divided between both employers and carriers and by directing that the award be made solely against the Holland Furnace Company, employer, and the London Guarantee and Accident Insurance Company, insurance carrier, and as so modified be affirmed.

Van Kirk, P. J., Hinman and Hasbrouck, JJ., concur; Davis and Hill, JJ., dissent and vote for affirmance.

Award is modified by striking out the direction that its payment be equally divided between both employers and carriers, and by directing that the award be made solely against the Holland Furnace Company, employer, and the London Guarantee and Accident Insurance Company, insurance carrier, and as so modified affirmed.