ANDREW SELAK, PETITIONER-RESPONDENT, v. MURRAY RUBBER COMPANY AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, RESPONDENTS-PROSECUTORS.

Submitted May 17, 1930—Decided November 17, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the petitioner-respondent, *Donald R. Bryant.*

For the respondents-prosecutors, *Ralph N. Kellam.*

PER CURIAM.

Andrew Selak, on September 17th, 1928, while in the employ of the Murray Rubber Company, suffered an injury to

his left forearm and was awarded compensation therefor. On February 4th, 1929, he returned to work, and on October 12th, 1929, while on his way home slipped and fell in the public highway and broke his left forearm in the same place where it had previously been broken. The workmen's compensation commission, upon application, awarded him compensation for the subsequent injury, reopening the original proceeding for that purpose. *Herbert* v. *Newark Hardware and Plumbing Co.,* 151 *Atl. Rep.* 502.

The commissioner found as follows: "In the present case, the testimony is positive, that boney union was far from complete, and that because of this weakness, due to the primary industrial accident, a condition existed which caused a secondary event to prolong the disability. The medical testimony was definite, that the original fracture is responsible for the present condition."

The testimony of the only physician called supports this conclusion. The doctor testified that the injury was due to a three-fold condition: the earlier fracture; the failure to form a proper union and the subsequent injury. He testified further that had the bones firmly grown together the second accident would not have caused a fracture—the pre-existing condition causing the arm to be weakened.

The proximate cause of the injury was properly for the commissioner, and the testimony adduced supported his findings. If a reasonably prudent person innocently aggravates the harmful effect of the original injury the original wrongful cause continues to the end, and accomplishes the final result. *Batton* v. *Public Service Corp.,* 75 *N. J. L.* 857, 860; *Kelly* v. *Lembeck & Betz Eagle Brewing Co.,* 86 *Id.* 471.

The judgment below is affirmed.