WILLIAM HOOGEN, PETITIONER, v. RITZ CARLTON
HOTEL, RESPONDENT.

Decided July 8, 1936.

For the petitioner, *Harold Krieger*.

For the respondent, *Chester W. Rothfuss*.

\*        \*        \*        \*        \*        \*        \*

In the case *sub judice* it is admitted that petitioner met with an accident arising out of and in the course of his employment under date of February 21st, 1935, at which time he sustained a fracture of his right foot.

Subsequently on March 28th, 1935, while journeying to a New York board of health clinic for treatment for an ailment in no way related to the initial accident he again fell sustaining an injury to his left hand.

There appears to be some discrepancy as to the manner in which this later accident occurred.

Petitioner's testimony at the hearing held on March 10th, 1936, was to the effect that "crutch slipped and heel caught on step."

The petitioner in a statement to the insurance company on May 29th, 1935, described the accident as follows: "I was using two crutches. Suddenly one of my crutches slipped back and I fell forward." In a subsequent statement taken June 4th, 1936, petitioner described the accident as follows:

"My left heel caught on the edge of one of the steps and I fell forward."

Is the petitioner entitled to compensation for this later injury?

I have carefully considered the briefs of both attorneys and paid particular attention to the cases referred to therein:

In the case of *Selak* v. *Murray Rubber Co.,* 8 *N. J. Mis. R.* 838; 152 *Atl. Rep.* 78, there was a subsequent accident and such accident aggravated the pre-existing condition caused by the original accident.

The case of *Lazzio* v. *Primo Silk,* 114 *N. J. L.* 450; 177 *Atl. Rep.* 251, accentuates the general rule in New Jersey as to the proximate cause.

In the *Chiado* v. *Newhall Co. Case,* 254 *N. Y.* 534, recovery was allowed on an injury resulting from a subsequent accident. In the case of *Calvin* v. *Emmon & Whitehead,* 216 *N. Y. App. Div.* 377, where death resulted from an accident due to a fall caused by vertigo and such vertigo is the result of a previous accident, it was held that there was a causal relationship between the original accident which occurred in 1917 and the death as the result of the subsequent accident of 1923. Time in this instance was not an essence.

The general rule from a study of the cases is whether or not there is any independent intervening cause.

Petitioner was, due to original accident, forced to use crutches. His mode of locomotion was hampered unquestionably by the injured member and the use of crutches. His power to overcome obstacles which, to a normal person with free use of all extremities would be easily overcome, was lessened due to his handicap. In this instance whether his heel caught or the crutch slipped I am of the opinion that neither incident would be such an intervening or independent cause as to remove the case from within the jurisdiction of the Workmen's Compensation act.

I am, therefore, holding case compensable.

Petitioner's occupation being that of a waiter and the average number of working days in a week for that type of

employment being six, which, when computed at the admitted rate of five dollars ($5) per day, entitles the petitioner to compensation based upon the maximum rate of twenty dollars ($20) per week.

It is therefore on this 8th day of July, 1936, adjudged, determined and ordered that judgment be entered in favor of the petitioner, William Hoogen, and against the respondent.

\*      \*      \*      \*      \*      \*      \*

<div align="right">

John C. Wegner,