**STATE ex PYLES v INDUSTRIAL COMM**

Ohio Appeals, 2nd Dist, Franklin Co

No 2694. Decided July 29, 1936

John W. Bricker, Attorney General, Columbus, and R. R. Zurmehly, Asst. Attorney General, Columbus, for respondent on demurrer.

Wardlaw & Certner, Columbus, and A. M. Armstrong, Columbus, for the relator against the demurrer.

## OPINION

By HORNBECK, J.

The action is in mandamus. The petition recites in substance, that the relator suffered an injury in the course of and arising out of his employment on or about October 31, 1933, which injury consisted of a compound, comminuted and crushing fracture of the upper third of the right femur; that he applied for compensation to the respondent commission; that his claim was allowed; that he was paid compensation for such injury; that because of such injury he was confined to a hospital, from which he was released; that as a treatment for his fractured leg it was placed in a cast and upon removal of the cast his leg was stiff and ankylosed and that he was required to use crutches to get about; that acting upon the advice of his physician he used the injured leg, walking with a cane; that while following his physician's instructions, on or about April 3, 1934, while in the exercise of due care, he fell upon steps in front of his home while descending them; that as a result of the fall he suffered a complete fracture of the neck of the trochanter of the right femur; that the fall was due entirely to the stiffened condition of the knee, resulting from a physical injury.

He further alleges that after the fall of April 3, 1934, "defendant's medical examiners examined him and that their reports made a part of his file in the defendant's records show that he is totally disabled when all of his disability is considered."

It further appears that medical and hospital bills were incurred as a result of the fracture received on April 3, 1934.

It was further averred that relator, on or about January 27, 1936, filed with the defendant an application for modification of award, requesting the defendant to compensate him for all of his disability resulting from his injury and to take into consideration the disability arising from the original injury, including that disability occurring as a result of the fracture of the trochanter of the femur and to pay the medical and hospital expenses incurred as a result thereof; that thereafter the respondent considered said application and among other things found that the injury of April 3, 1934, was not sustained in the course of and arising out of claimant's employment and no compensation was allowed or medical bills ordered to be paid on account of said injury; further averred that the defendant ordered payment of compensation to the relator on a temporary partial disability basis; further averred that the order of April 20, 1936, of the commission "is arbitrary, unreasonable and contrary to law and that he has no adequate remedy in law."

The prayer is that a writ of mandamus issue, requiring defendant to recognize all of relator's disability due to the original injury and including the disability arising from the fracture of the trochanter of the femur received on April 3, 1934, and to consider the medical and hospital bills incident to such injury and for such other and further relief as is proper in the premises. On this petition an alternative writ was issued. The respondent has filed a general demurrer to the petition.

Assuming that all the facts in the petition are as averred, as we are required to do upon demurrer, we are of opinion that it states a cause of action and that the relator is entitled to some relief thereunder. It may be that it should not be as broad as the scope of the prayer.

The facts averred in the petition require the conclusion that the relator is totally disabled as a proximate result of the original injury, of which the respondent took jurisdiction and awarded compensation; that the uncontroverted finding of the respondent's own physicians establishes that the disability from which the relator now suffers would not attend but for the original injury.

The commission apparently considered the second break of the leg as an independent injury and the subject of an original application, as is evidenced by the denial of the claim of the relator upon the ground that it was not sustained in the course of and arising out of claimant's employment. Thus the commission, in the aspect presented by its finding and upon the petition, arbitrarily disregarded the statements of its own examiners that the second injury would not have occurred but as a result of the first injury, and gave no consideration to the theory upon which claimant based his application.

If, under the law, the facts in this case will permit the conclusion that the total disability from which the relator now suffers proximately resulted from the injury for which compensation was allowed by the Commission, then the relator is entitled to the full benefit of that condition, under the Workmen's Compensation Act. He is entitled to a classification of total temporary disability and to all the benefits which may now or later result to him therefrom and this is true whether or not he was acting in the course of his employment when he suffered the second injury.

Our attention has been directed to many cases where damages have been awarded which include the aggravation of an original injury in the nature of a broken bone which had again been broken at the same place because of a weakened condition of the bone resulting from the first injury. These cases invoke the well-known principle that where a second injury results from the injury sued for without intervention of any negligence on the part of the injured person or from any independent cause, full damages may be awarded for both injuries. Some of these cases are: Wagner v Mittendorf, (N. Y.) 134 NE 539; Hoseth v Preston Mill Co., (Wash.) 69 Pac. 423; Wilder v General Motorcycle Sales Co., (Mass.) 122 NE 319; Hartnett v Tripp, (Mass.) 121 NE 17; In the Matter of Phillips v Holmes Express Co., (N. Y.) 129 NE 901.

The above cited cases were personal injury suits but illustrate the principle. Other cases arising in Industrial Commission cases are: Shell Company v Industrial Accident Commission (Cal.), 172 Pac. 611; Parchefsky v Kroll Bros. (N. Y.), 196 NE 308. In this case the court said at page 310:

"Where the chain of causation between accidental injury and ultimate disability remains unbroken, as injured employee is

entitled to the statutory compensation for the ultimate disability resulting from the accidental injury."

Selak v Murray Rubber Co., (N. J.) 152 Atl. 78.

It should be said that in all of the above cited cases save one the second injury was clearly an aggravation of the former injury, occurring at the same place as the former injury. In this case the second injury was to the same bone in the same leg, though not in the identical place as the former injury. However, in the case of Shell Company v Industrial Accident Commission, supra, the facts disclose that the injured person suffered a broken leg while in the service of his employer. He made a slow recovery and about six months after he was injured he fell and re-fractured the bone at the point of original fracture. Inspection developed that the bones had not properly united and an operation was undertaken to readjust the bone. After the performance of this operation the stomach of the injured man filled with gas, his heart collapsed and he died. The commission awarded death benefits to the widow and son of the deceased, to which exceptions were noted by the employer and error prosecuted upon two grounds, first: that the second accident was independent of the first and that thereafter no award can be made therefor; and second: that the cause of death was in no way connected with the original accident. Here the operation followed the second accident and to find that it was the result of the first break in the bone it was necessary to carry the proximate result of the first injury through the second injury and through the operation from which the injured man died.

In Parchefsky v Kroll Bros., supra, it is said at page 312 of the opinion:

"Compensation for the original injury includes the ultimate results of the injury, though the injury has been aggravated by intervening malpractice."

So in this case, though the second injury occurred at a slightly █ different place, the result is no different than if the break had been at the place of the first injury.

The principle is recognized in **Anderson v Libbey Glass Mfg. Co., 6 Abs 400** and in the text to 42 O. Jur. 664, in this language:

"The compensability of disability or death resulting from a subsequent injury or incident depends upon whether it is of such character that its consequences are to be regarded as the natural result of the original injury."

Citing 7 A.L.R. 1186, where are found in the annotation numerous cases supporting the text, some of which we have heretofore cited.

We find no case parallel to the facts presented in the petition here but upon principle we are of opinion that the disability from which the claimant suffered is a result, through no fault of his own, of the injury for which he was awarded compensation.

We are cited by counsel for respondent to **State ex Butram v Industrial Commission of Ohio, 124 Oh St, 589**, which is to the effect that on an application for compensation, under §1465-80, GC, the Commission is vested with discretion in determining whether or not the benefits of the section are to be accorded to the applicant and that in the absence of an abuse of that discretion the Commission is the sole and final arbiter. The distinction between the cited case and the instant case is that here it is averred that the Commission abused its discretion and that there was but one conclusion which could be properly drawn from the evidence and that the Commission arbitrarily came to the opposite conclusion. The Commission has no discretion to deny the benefits of █ §1465-79, GC, to which the relator is claiming the right once the relator is brought under the subject matter of the section.

If this cause proceeds to trial upon issues drawn we shall of course, again consider the question here urged upon demurrer, as it is novel in Ohio. At this juncture, however, we are of opinion that the demurrer is not well taken and should be overruled.

BARNES, PJ, and BODEY, J, concur.