## UNGER & MAHON, INC., ET AL *v.* FRANK F. LIDSTON

[No. 38, October Term, 1939.]

266

*Decided November 29th, 1939.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Robert E. Coughlan, Jr.,* for the appellants.

*Gerald W. Hill, Paul Berman, Anthony Purcell,* and *Theodore B. Berman,* submitting on brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a judgment entered upon the finding of a jury in the Baltimore City Court, reversing a decision of the State Industrial Accident Commission, by whose finding the sole issue before it, as well as in the Baltimore City Court, to which an appeal was taken, related to whether the disability of the claimant, Frank F. Lidston, an employee of Unger & Mahon, Inc., resulted from an accidental injury arising out of and in the course of his employment, the issue having been answered "no" by the commission and "yes" by the jury. The only question before us relates to the correctness of the trial court's action in its rulings upon the prayers, of which employer and insurer offered five, numbered A, B, C, D and 1, while claimant offered one, which, together with appellants' No. 1, was granted, but appellant's remaining prayers, by each of which a binding instruction was sought to require the jury to answer the issue "no," were refused.

There was evidence before the jury, which, if believed, would have enabled a finding that claimant had been em-

ployed by Unger & Mahon, Inc., for twenty years, and on June 22nd, 1938, while at work getting out lumber for planking a boat, he sustained an accidental injury by being struck on his right ankle with a board, the impact tearing a piece of the skin from the flesh. At first he paid no attention to it, but in a couple of days his ankle became swollen and painful. However, he kept on working until July 1st, but, two days after the accident, he reported to the yard foreman, who sent him to the insurer's clinic at South and Water Streets, where he was treated by Doctor Chenowith on June 25th, 27th, and 29th. In the meantime his ankle continued to swell and became more painful, and on July 1st, after getting home from work and eating his dinner, he went to a drug store for medicine and, on returning to his home, while ascending the front steps with his right foot forward, a very sharp and sudden pain struck his right ankle and caused it to "turn over," throwing claimant on his right side and fracturing his hip bone one and one-half inches below the joint. Claimant further testified that at no time prior to June 22nd had he ever had any trouble with the ankle, and the physician at the Maryland Casualty Company Clinic did not order him to discontinue his regular work. It was admitted that his disability for which compensation was sought was occasioned by the fractured hip, and further admitted that on June 22nd, 1938, claimant suffered an accidental injury to the ankle which arose out of and in the course of his employment; also that as a result of the hip injury his disability extended beyond three days, and there was no question about the hip bone being broken.

There being no dispute as to the facts previously detailed, nor inferences to be drawn therefrom, could the jury have rationally concluded upon those facts that claimant's injuries arose out of and during the course of his employment? If so, the defendants' A to D prayers, inclusive, which sought to withdraw the case from the consideration of the jury by directing that the issue be answered "no," were properly refused.

By Code, art. 101, sec. 65 (6), it is provided: " 'Injury'

and 'Personal Injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom."

In *Dickson Construction & Repair Co. v. Beasley,* 146 Md. 568, 126 A. 907, this court construed the expression "natural result," as related to the definition of "injury," to intend no more than the natural and proximate result, while in *Bramble v. Shields,* 146 Md. 494, 506, 127 A. 44, 48, is was said: "But in cases arising under the Workmen's Compensation law the question of negligence is excluded, and with it the rule as to reasonable and probable consequence would also be excluded, if such rule were applicable here. The only test is: Did the accidental injury arise out of and in the course of employment? If it did, it makes no difference whether it was a normal or abnormal occurrence, and so with 'and such disease or infection as may naturally result therefrom.' It can make no difference whether the results are usual or unusual, if there is a direct causal connection between the injury and the disease, so that the disease is directly attributable to the injury."

In the recent case of *Baber v. Knipp & Sons,* 164 Md. 55, 163 A. 862, 867, after considering *Bramble v. Shields, supra,* and *Neeld Const, Co. v. Mason,* 157 Md. 571, 146 A. 748, and distinguishing the facts from those in *Balto. & O. R. Co. v. Brooks,* 158 Md. 149, 148 A. 276, it was said: "It would seem to be established in this state in workmen's compensation cases that 'proximate cause' means that the result could have been caused by the accident and that there has not intervened, between the accident and the result, any other efficient cause."

See also *Perkins v. Long Bell Lumber Co.,* 8 La. App. 403; *Head Drilling Co. v. Industrial Acc. Comm.* 177 Cal. 194, 170 P. 157; *Pacific Coast Casualty Co. v. Pillsbury,* 171 Cal. 319, 153 P. 24; *Colvin v. Eummons & Whitehead,* 216 App. Div. 577, 215 N. Y. Supp. 562; *Western Lime & Cement Co. v. Boll,* 194 Wis. 606, 217 N. W. 303; *Hoogan v. Ritz Carlton Hotel,* 186 A. 512, 14 N. J. Misc. 555; 71 *C. J.,* pages 614, 636 and 637; and 2 *Schneider's Workmen's Compensation,* page 1353.

Upon those authorities we conclude that the evidence to which reference has previously been made was sufficient to require the trial court to submit for the jury's deter-mination the question of whether appellee's injuries arose out of and in the course of his employment by Unger & Mahon, Inc., since upon that evidence it cannot be said that a rational mind could not have concluded that there existed a causal connection between appellee's injury of June 22nd and the subsequent fall by which he received the injury to his hip. Appellant's A to D prayers, inclusive, were therefore properly rejected.

No criticism is made of appellee's prayer by which the jury was instructed that, while the decision of the State Accident Commission was *prima facie* correct, yet if the jurors were satisfied by a preponderance of all the evidence that claimant's disability following the accidental injury of July 1st was the result of the accidental injury sustained by him on June 22nd, then their answer to the issue should be "yes." And by appellants' granted prayer the jurors were instructed of the presumption of correctness of the decision of the State Industrial Accident Commission, and that the burden was upon appellee to show by a preponderance of affirmative evidence that his disability was the result of an accidental injury arising out of and in the course of his employment with Unger & Mahon, Inc., and if they did not believe that his disability was the result of an accidental injury arising out of and in the course of such employment, or if the evidence left the minds of the jurors in a state of even balance as to whether claimant's disability was so caused, their answer to the issue must be "no." Those prayers were in no sense conflicting, and we believe that by them the jurors were properly instructed as to the law by which they should be guided in answering the issue before them. Finding no error in the rulings complained of, the judgment appealed from must be affirmed.

*Judgment affirmed, with costs to appellee.*