# BETHLEHEM STEEL COMPANY *v.* WILSON
# BETHLEHEM-SPARROWS POINT SHIPYARD, INC. *v.* FARRELL

(Two Appeals in Separate Records)

[Nos. 229-230, October Term, 1955.]

*Decided July 13, 1956.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, HENDERSON and HAMMOND, JJ.

*Jesse Slinglufj, Jr.,* with whom was *Kenneth C. Proctor* on the brief, for the appellants.

*William J. Yarworth* for Mr. Wilson, appellee.

*Samuel B. Drue* for Mr. Farrell, appellee.

HAMMOND, J., delivered the opinion of the Court.

These two appeals in separate records are from orders of the Circuit Court for Baltimore County, affirming the State In-

dustrial Accident Commission in its awards for permanent partial disability from disfigurements. In the *Wilson* case the disfigurement was a two inch transverse incisional type scar on the outer part of the leg below the knee, described as somewhat depressed and somewhat pigmented. Wilson told the Commission that on some days his job requires a lot of walking and on those days the scar feels a little tender and numb. In the *Farrell* case the disfigurement was a scar on the middle third of the anterior surface of the thigh, resulting from a skin graft made to assist in the rehabilitation of an injury to the claimant's foot. Commissioner Helen Elizabeth Brown examined the scar and said: "Let the record show that he has a rectangular scar on his left thigh, about three and a half inches by two and a half inches and is not pigmented." Farrell himself described the scar as freckled and looking like a guinea egg. He said that it was very sore at first and that now it sometimes pains him when he does a lot of walking.

The employer, appealing the awards, argues in both cases that the Compensation statute neither contemplates nor authorizes an award for non-disabling disfigurement to a part of the body normally covered by clothing. In the *Farrell* case, the employer makes the further contention that the scar was so minor that the determination of the Commission that it was a disfigurement was arbitrary and capricious as a matter of law.

We shall deal with the last contention first. The provisions of the Compensation statute dealing with permanent partial disability are found in Code, 1951, Art. 101, Sec. 35 (3). There are listed specific injuries and the number of weeks compensation is to be allowed for each such injury. Sec. 35 (3) then provides in sub-paragraph (f): "Disfigurements—For other mutilations and disfigurements not hereinbefore provided for, compensation shall be allowed in the discretion of the Commission, for not more than one hundred weeks, as the Commission may fix, in each case having due regard to the character of the mutilation and disfigurement as compared with mutilation and injury hereinbefore specifically provided for." In *Beth. Shipyard v. Damasiewicz*, 187 Md. 474, 482, the Court held that where one is disabled and disfigured by the same injury he is not entitled to receive compensation for permanent partial

disability for both the scheduled injury and the disfigurement, and said: "The Legislature, in providing for compensation for 'Other mutilations and disfigurements, not hereinbefore provided for,' intended to make compensable other injuries which are similar to amputation or loss of use of members of the body specified in the schedule in so far as they are permanent and their degree and consequences can be ascertained." It is apparent that the Legislature realized that disfiguring injuries require more flexible treatment than the injuries which could be foreseen and classified, and as to which appropriate compensation could be determined in advance. As a practical matter, this flexibility had to be put into effect by use of the discretion of the Commission and for this reason the award in the cases of disfigurements is "* * * in the discretion of the Commission, for not more than one hundred weeks * * *", due regard being had to the character of the disfigurement compared to the injuries specifically provided for.

The *Damasiewicz* case reached the conclusion that "* * * the Court on an appeal from the Commission has no power to exercise discretion in a claim for disfigurement by reviewing the findings of fact. * * * The Court cannot disturb the Commission's decision except to correct an abuse of discretion." The disfigurement in the *Damasiewicz* case was a scar one and a half inches long and three-quarters of an inch wide on the upper thigh. The Court said: "In the case before us the claimant unquestionably has a disfigurement of the leg. 'Disfigurement' is defined as that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect, or deforms in some manner." If disfigurement of a part of the body normally not exposed to view is compensable, we think that the size and appearance of the Farrell scar, as revealed by the record, afford no basis for a holding that the Commission abused discretion in determining, after seeing it, that it amounted to disfigurement.

We turn then to the major issue of the case—whether the Compensation statute does authorize compensation for disfigurement to areas of the body which are customarily covered by clothing. This Court has twice reserved the question, first

in the *Damasiewicz* case and again in *Smith v. Revere Copper & Brass,* 196 Md. 160. The *Damasiewicz* case pointed out that in almost all of the states the statutes limit compensation for disfigurement to that on the face or head, or on the face, neck, head, hands and arms. The Maryland Act does not specify any particular part of the body for which compensation for disfigurement may be awarded. When the Compensation Act was first adopted by the Legislature in 1914, there was no provision for compensation for disfigurement. It was provided by Laws of 1920, Chap. 456. As originally enacted in 1920, the proviso was that compensation should be allowed in the discretion of the Commission "* * * for not less than ten weeks nor more than one hundred weeks * * *". By the Laws of 1949, Chap. 461, the Legislature took out the requirement that the award be for a minimum of ten weeks and gave the Commission the right to make any award up to one hundred weeks. In the *Damasiewicz* case, the Court noted the impracticability of measuring disfigurements like other disabilities, as well· as that the general purpose of the Workmen's Compensation Act is to compensate for loss of earning capacity resulting from accidental injuries sustained in industrial employment, and that the Legislature had recognized that disfigurement constitutes an economic loss in the sense of diminished power to produce, because it "* * * for example, may very probably have a harmful effect upon the ability of the disfigured person to retain or secure employment." The Court went on to say: "Of course, there may ·be individual instances which do not impair earning capacity, but in the majority of cases disfigurement sooner or later may have a harmful effect; and the lawmakers who enact compensation statutes must deal with general tendencies. The Maryland Legislature has conferred upon the Industrial Accident Commission discretion to determine whether a claimant has suffered such bodily disfigurement as entitles him to workmen's compensation. The Commission may award compensation for disfigurement even though the claimant has not shown that it diminishes his earning capacity. * * * We hold that the Court on an appeal from the Commission has no power to exercise discretion in a claim for disfigurement by

reviewing the findings of fact. * * * The Court cannot disturb the Commission's decision except to correct an abuse of discretion."

In *Smith v. Revere Copper & Brass*, 196 Md. 160, cited above, the Commission had held that the claimant had sustained permanent partial disability and awarded compensation for disfigurement and mutilation of his chest and abdomen and adjacent parts of the body which are normally covered. Neither the claimant nor the employer appealed from this award, the case coming up on appeal on the claim of the workman for compensation for partial loss of use of his right arm. The Court held the disfigurement award, not having been appealed from, was not before it and said: "The amount of compensation for disfigurement is not a question of fact to be submitted to the jury. * * * It is determined in the discretion (quasi-judicial, not arbitrary) of the Commission. This Court has not decided—and does not now decide—whether a disfigurement of a part of the body which is not ordinarily exposed to view can ever be compensable. * * * If the Commission's award for disfigurement were reviewed, on appeal or otherwise, it might possibly be held that, in law or in fact, the disfigurement is not compensable." The Court then cites two South Carolina cases which held that disfigurement to a part of the body not ordinarily exposed to view is not compensable, and a North Carolina case which held the opposite. The statutes of North Carolina and South Carolina are similar and provide for awards for disfigurement to the head and face and, in addition, that the Commission shall have the power to award reasonable compensation for any other serious bodily disfigurement received by any employee. The interpretation given their statute by the South Carolina Court differs from that given the Maryland statute by this Court. First, the South Carolina Court requires a showing of clear relationship between the disfigurement and the actual loss of earning power. *Stone v. Ware Shoals Mfg. Co.*, 192 S. C. 459, 7 S. E. 2d 226. Also the foundation case in South Carolina for the denial of an award for disability for disfigurement to parts of the body normally covered by clothing, *Manning v. Gosselt Mills*, 192 S. C. 262, 6 S. E. 2d 256, held that the loss of a

testicle is not a disfigurement entitling the claimant to compensation, while in *Coca-Cola Bottling Works v. Lilly,* 154 Md. 239, where the Commission had made an award under the disfigurement provisions of the Compensation statute for the loss of a testicle, our predecessors held that the Court could not rule as a matter of law that the award was erroneous. The case of *Baxter v. W. H. Arthur Co.,* 216 N. C. 276, 4 S. E. 2d 621, cited in *Smith v. Revere Copper & Brass, supra,* is quite similar on the facts to the *Smith* case, and the North Carolina Court held that the award of the Commission was in accord with the statute.

The judicial guides to the correct construction of this aspect of the statutes are limited not only in this Court but in the courts of other states, since only North and South Carolina and Utah, it would seem, have statutes not limiting the right to disfigurement compensation to certain areas of the body.

Such judicial indications of the true meaning of the statute as there are, and other factors which shed some light on the legislative intent, lead us to conclude that disfigurement of any part of the body may be compensable. We think it significant that the Maryland Legislature, in enacting the statute in 1920 and in amending it in 1949, did not limit the compensable area as almost all other States do but authorized awards for "* * * other mutilations and disfigurements not hereinbefore provided for * * *." We think it of meaning, too, that the 1949 amendment permitted the Commission to make an award up to one hundred weeks, without a minimum, any award, no matter how small, it felt the facts justified. We find certain hints in the *Damasiewicz* case indicating a leaning to the conclusion we have reached in this case. It refers to the lack of limitation in the statute as to the location of disfigurement, it reiterates the rule of the Maryland Compensation Act that it is not necessary to show actual loss of earning capacity to justify an award for permanent disability and it suggests that: "* * * in the majority of cases disfigurement sooner or later may have a harmful effect; and the lawmakers who enact compensation statutes must deal with general tendencies." We have considered the obvious—that the area of the body

normally covered by clothing has shrunk drastically as the years have passed. Shorts are standard and frequent attire for both men and women. Abbreviated bathing suits are the rule for both sexes. Many a vaccination mark, caused to be placed upon her daughter by a careful mother so as to nestle forever unseen in the shadows, now regularly faces the sunlight of public view, unadorned but unabashed. Recreation and sport programs for employees are a part of the routine of many employers. Men and women use their respective company locker rooms and shower rooms and so expose normally covered infirmities to fellow employees. Physical examinations, as a prerequisite to employment, are very often required. Such examinations would reveal any disfigurements not normally exposed to view. We think it difficult, if not impossible, to draw a line between the legislatively presumed effect on earning capacity of, say, a scar on the wrist, and the same scar between the knee and the hip or below the knee. Since the Legislature has not seen fit specifically to designate as compensable only disfigurement of certain designated areas, although many other legislatures have, but rather has left the determination of disfigurement in each case to the Commission, we refuse to imply any such restriction from the legislative words.

It is our conclusion that the Commission did not err in its interpretation of the law or of the facts when it made the awards appealed from, and that the orders of the Circuit Court for Baltimore County should be and are hereby affirmed.

*Orders affirmed, with costs.*