## ALLEN *v.* E. S. ADKINS & CO., ET AL.

[No. 347, September Term, 1968.]

*Decided June 30, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, McWILLIAMS, FINAN and SINGLEY, JJ.

*Amos I. Meyers,* with whom was *Donald S. Saiontz* on the brief, for appellant.

*Sheldon B. Seidel* for appellees.

MARBURY, J., delivered the opinion of the Court.

Clifton Allen appeals from an order of the Circuit Court for Worcester County affirming an order of the Workmen's Compensation Commission which had re-

jected Allen's claim for mutilation and disfigurement of his eyelid in addition to compensation for the enucleation of his eye.

While working as an employee of the appellee, E. S. Adkins & Company (Adkins), the claimant Allen was injured on February 12, 1965, when he was struck across the left eye by a bush. As a result of this accident, Allen suffered a total loss of vision in his left eye, which was later followed by enucleation of the eye. As a result of the enucleation, there was injury to a nerve which caused the eyelid to droop. This condition produced an apparent and clear change in the appellant's appearance and facial expression.

Following the accident, Allen filed a Workmen's Compensation claim. By an order dated August 3, 1965, the Workmen's Compensation Commission (Commission) determined that the appellant had suffered a total loss of vision in his left eye and that he was permanently partially incapacitated as a result of the injury. Because of this finding, the Commission ordered that compensation at the rate of $25.00 per week, payable weekly, be paid to Allen by his employer, Adkins, and by its insurer, the appellee Utica Mutual Insurance Company, for a period of two hundred weeks.

Subsequent to this award, on March 29, 1967, the Commission held a hearing on the issue of the nature and extent of mutilation and disfigurement. By order dated April 12, 1967, the Commission found that Allen had no compensable mutilation as a result of his injuries on February 12, 1965, and affirmed its order of August 3, 1965. Allen appealed this adverse determination to the Circuit Court for Worcester County. The lower court had no difficulty in finding that Allen had suffered a disfigurement. However, the court held that since the disfigurement resulted from an injury for which compensation had already been allowed, the Workmen's Compensation Act allowed no further compensation for the disfigurement. From the court's opinion and order dated November 18. 1968, Allen has appealed to this Court.

The issue on appeal is whether the lower court erred in affirming the order of the Workmen's Compensation Commission which rejected Allen's claim for mutilation and disfigurement of the eyelid in addition to compensation awarded for the loss of the eye. This Court concludes that the lower court made a proper determination and its order will be affirmed.

The pertinent provisions of the Workmen's Compensation Act, Code (1964 Repl. Vol.), Article 101, Section 36, are as follows:

> "Amounts to be paid employees and dependents;
> . . .
>
> . . . .
> (3) *Permanent partial disability — Specific injuries.* . . .
> (b) . . . Eye—For the loss of an eye, two hundred weeks.
>
> . . . .
> (f) For other mutilations and disfigurements not hereinbefore provided for, compensation shall be allowed in the discretion of the Commission, for not more than one hundred weeks, as the Commission may fix, in each case having due regard to the character of the mutilation and disfigurement as compared with mutilation and injury hereinbefore specifically provided for."

Similar provisions were before this Court in *Beth. Shipyard v. Damasiewicz*, 187 Md. 474, 50 A. 2d 799. In that case, the claimant had sustained bruises on his hips and a deep laceration along the upper part of his right thigh. He was awarded a permanent partial disability consisting of a loss of use of the right leg and disfigurement of the right leg which was scarred. This Court reversed the finding of the lower court as to the compensability of the disfigurement, and held that a claimant who is disabled and disfigured by the same injury is not entitled to receive compensation for both disability and disfigurement. *Bethlehem Steel Co. v. Wilson*, 210 Md. 568, 124 A. 2d

249; *Smith v. Revere Copper and Brass,* 196 Md. 160, 76 A. 2d 147; *So. States Marketing Coop. v. Lippa,* 193 Md. 385, 67 A. 2d 244.

In order to escape the rule established in *Damasiewicz,* the appellant argues that "the drooped eyelid is clearly independent of the injury that produced the eye enucleation." In *Unger & Mahon v. Lidston,* 177 Md. 265, 9 A. 2d 604, Lidston sustained an accidental injury to his right ankle in the course of his employment on June 22, 1938. Nine days later, while ascending the front steps of his house, he felt a sharp and sudden pain in his right foot, causing him to fall and fracture his hipbone. This Court held that a jury could find that there was a causal connection between his injury of June 22 and the subsequent fall by which he injured his hip. In light of *Lidston* and the fact that the trial court found that the drooped eyelid did not exist prior to the enucleation, we cannot agree with the appellant's contention and conclude that the drooped eyelid was a direct and continuous result of the original injury sustained by the claimant for which compensation had already been allowed.

The appellant cites *Elkins v. Lallier,* 32 P. 2d 759 (N. M.), as being favorable to his position. In that case, the claimant was struck in the left eye by a piece of steel, which resulted in the enucleation of the eye. In addition to specified compensation for the loss of the left eye, the claimant was also awarded compensation for the disfigurement of his face. However, *Elkins* is distinguishable on the basis that a New Mexico statute specifically provided:

> "If any workman is seriously permanently disfigured about the face or head, the court may allow such additional sum for compensation on account thereof as it may deem just, but not to exceed a maximum of seven hundred fifty ($750.00) dollars."

The Maryland Workmen's Compensation statute does not give the Commission such discretion.

While this Court is sympathetic with the appellant, the law in Maryland is firmly established that if disfigurement results from the injury for which compensation has been allowed there can be no compensation for the disfigurement. If there is to be a change in the law we think that the Legislature should make it.

For the above reasons, the order of the lower court must be affirmed.

*Order affirmed, costs to be paid
by appellant.*