Ray BEAM, Appellee Below, Appellant,

v.

CHRYSLER CORPORATION, Appellant Below, Appellee.

James A. HARRIS, Claimant-Employee Below, Appellant,

v.

CHRYSLER CORPORATION, Employer Below, Appellee.

Supreme Court of Delaware.

Argued Sept. 11, 1974.

Decided Jan. 22, 1975.

Oliver V. Suddard, Wilmington, for Ray Beam, appellee below, appellant.

Julian D. Winslow, Wilmington, for James A. Harris, claimant-employee below, appellant.

Carl Schnee, Tybout, Redfearn & Schnee, Wilmington, for Chrysler Corporation, appellee.

Before HERRMANN, C. J., QUILLEN, Chancellor, and BUSH, J.

HERRMANN, Chief Justice:

These consolidated workmen's compensation cases involve the denial of claims for compensation for serious and permanent disfigurement under 19 Del.C. § 2326(f).[1]

The sole question presented for review concerns the proper interpretation of the words "clothed normally" in the context of § 2326(f): What is "normal clothing" for the purpose of determining that compensation for serious and permanent disfigurement must be awarded under the Statute because "such disfigurement is visible and offensive when the body is clothed normally"?

The claimant Beam sustained compensable injuries requiring surgery which left permanent scars on his back above the waist. Beam complained that he frequently wore a bathing suit and the scars were visible whenever he did so. The Industrial Accident Board awarded compensation for the disfigurement, and the Employer appealed. The Superior Court, relying on Ware v. Baker Driveway, Inc., Del.Super., 295 A.2d 734 (1972), reversed the Board. In following *Ware*, the Superior Court stated that "the only reasonable definition that can be placed on the words 'clothed normally' is that clothing which is routinely worn by a person in his daily routine of life, and should not include clothing worn in pursuit of recreational activities." Beam appeals the Superior Court's reversal of the Board.

The claimant Harris, sustained a compensable injury to the lower portion of his leg requiring skin grafts. He sustained a scar at the site of the injury and three skin-grafting scars on his thighs. Harris complained that as a religious minister, he was regularly obliged to change his ceremonial clothing in the presence of others, and his scars were visible to them. The Industrial Accident Board denied Harris' petition for an award for disfigurement under § 2326(f), stating that "any disfigurement resulting from the accident is not visible and offensive when the body is clothed normally within the meaning of 19 Del.C. § 2326(f) as interpreted by Ware v. Baker Driveway, Inc. * * *." The Superior Court affirmed the Board. Harris brings this appeal.

Thus, *Ware* was the basis for the denial of disfigurement compensation in both cases now before us.

---

1. 19 Del.C. § 2326(f) provides in pertinent part:
"§ 2326. Compensation for certain permanent injuries.
\* \* \* \* \*
"(f) The Board shall award proper and equitable compensation for serious and perma- nent disfigurement to any part of the human body up to 150 weeks, provided that such dis- figurement is visible and offensive when the body is clothed normally, which shall be paid to the employee at the rate of 66⅔ per centum of his weekly wages. * * *."

In *Ware*, the Superior Court reversed a Board decision awarding disfigurement compensation because the scars on the employee's back were visible only when he wore swimming trunks or was unclothed above the waist. It was the Superior Court's opinion that the proviso in § 2326(f), requiring a serious and permanent disfigurement "to be visible and offensive when the body is clothed normally", allows compensation for such disfigurement only if it is visible and offensive when the employee is clothed as he would be "in his daily routine of life." 295 A.2d at 741. The *Ware* rationale, as applied by the Superior Court in *Beam* and relied on by the Industrial Accident Board in *Harris*, precludes compensation for disfigurement under § 2326(f) if a serious and permanent disfigurement is visible and offensive only when the claimant is suitably attired for recreational or avocational purposes.

■ We are unable to agree with the *Ware* interpretation of the "clothed normally" phrase as used in § 2326(f). It is our opinion that the "clothed normally" language should not be given such restricted meaning. In the light of the broad and liberal purposes of the Workmen's Compensation Law and the practicalities of modern life, we think it more reasonable to interpret the "clothed normally" provision of the Statute to mean "clothing normally worn by the employee-claimant when involved in any of his or her regular activities, including recreational, vocational, and avocational activities."

■ The reasonableness of such interpretation of the provision in question is supported by the views of the Court of Appeals of Maryland in Bethlehem Steel Company v. Wilson, 210 Md. 568, 124 A.2d 249 (1956). There, the employer appealed from awards for scars on the thigh and lower leg of claimants, contending that the Maryland Statute did not authorize an award for "non-disabling disfigurement to a part of the body normally covered by clothing." 124 A.2d at 250. In affirming the awards, and after referring to the lack of limitation in the Maryland Statute as to the location of disfigurement and to the provision of the Maryland Statute that it is not necessary to show actual loss of earning capacity to justify an award for permanent injury,[2] the Court stated: (124 A.2d at 252)

"We have considered the obvious—that the area of the body normally covered by clothing has shrunk drastically as the years have passed. Shorts are standard and frequent attire for both men and women. Abbreviated bathing suits are the rule for both sexes. Many a vaccination mark, caused to be placed upon her daughter by a careful mother so as to nestle forever unseen in the shadows, now regularly faces the sunlight of public view, unadorned but unabashed. * * *."

■ Accordingly, the *Ware* rule relied upon below, is hereby overruled.

It follows that the Superior Court's reversal of the Board's award of disfigurement compensation to Beam must be reversed; and the Superior Court's affirmance of the Board's denial of disfigurement compensation to Harris must likewise be reversed. Both cases are remanded to the Superior Court for further proceedings consistent with this opinion.

**2.** It is to be noted that § 2326(f) does not delimit compensable disfigurement to those areas that are so located and of such seriousness as to interfere with employability, as is the law in some jurisdictions. See 2 Larson, The

Law of Workmen's Compensation § 58.32. Compensation for disfigurement is available under § 2326(f) without regard for earning power. Williams v. Chrysler Corp., Del.Supr., 293 A.2d 802 (1972).