590 A.2d 1070

**WEIS MARKETS, INC., et al.**

v.

**Nancy L. TARMON.**

**No. 1434, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

June 3, 1991.

Lance G. Montour, Frederick, for appellants.

Kent N. Oliver (Irving M. Einbinder, on the brief), Hagerstown, for appellee.

Argued before ALPERT, BLOOM and ROSALYN B. BELL, JJ.

BLOOM, Judge.

Weis Markets, Inc., employer, and Royal Insurance Company of America, insurer, appeal from a judgment of the Circuit Court for Washington County affirming an award of compensation by the Worker's Compensation Commission to Weis's employee, Nancy L. Tarmon, appellee.

On 16 August 1988 appellee sustained an accidental injury while working in the bakery department of Weis's Market in Hagerstown. A bakery tray fell off a rack, striking her chest and arm. She filed a timely claim with the Worker's Compensation Commission. The claim was not contested, and on 15 November 1988 the Commission determined that appellee had sustained an accidental injury and awarded her $100.00 per week during the continuance of her temporary total disability.[1]

Appellee subsequently filed a request for determination of additional benefits for disfigurement. The Commission determined that appellee's injury had resulted in disfigurement to the chest and right shoulder, for which it awarded her compensation in the amount of $79 per week for 25 weeks. Appellants' subsequent motion for rehearing was denied.

The employer and insurer appealed that decision of the Commission to the Circuit Court for Washington County, and filed in that court a motion for summary judgment, asserting that the Commission erred in ordering payments at the rate of $79 per week because the proper rate of compensation for appellee's disfigurement is $50 per week. Their motion was denied, and the court affirmed the Commission's decision.

In this appeal from that judgment, appellants contend that the circuit court erred as a matter of law in affirming the Commission's award of $79 per week because, although the number of weeks of payment for disfigurement compensation is left to the discretion of the Commission, the rate of compensation is governed by Md.Code Ann., art. 101, § 36(3)(a)(i)1 (1985 Repl.Vol., 1990 Cum.Supp.), which provides that in a claim arising from an event occurring on or

---

1. The amount of the award for temporary total disability was based on an average weekly wage of $150.00. Weis later established that the correct average weekly wage was $118.45, and, as a result, temporary total disability payments were reduced to $79 per week (two-thirds of average weekly wage).

after January 1, 1988, the rate of weekly compensation for an award of fewer than 75 weeks for permanent partial disability is one-third of the employee's average weekly wage, with a minimum of $50.00 being prescribed by § 36(3)(c).[2]

■■ We agree with appellants and hold that an award for disfigurement under art. 101, § 36(3)(h) constitutes an award for a permanent partial disability that is governed by the rate payment schedules as set forth in § 36(3)(a), subject to the minimum level of $50 per week pursuant to § 36(3)(c).

The provisions of the compensation statute dealing with permanent partial disability are found in Md.Code Ann. Art. 101, § 36(3) (1957, 1985 Repl.Vol., 1990 Cum.Supp.). The question before us is whether an award of compensation under § 36(3)(h) is subject to the rate payment schedule outlined in § 36(3)(a) and (c).[3] Section 36(3)(h) provides:

For other mutilations and disfigurations not hereinbefore provided for, compensation shall be allowed in the discretion of the Commission, for not more than 156 weeks, as the Commission may fix, in each case having due regard

---

**2.** Claims arising from events occurring before January 1, 1988, were governed by a provision for compensation at the rate of two-thirds of average weekly pay, regardless of the number of weeks awarded.

**3.** § 36(3)(a) reads in pertinent part as follows:
   (3) Permanent partial disability—Specific injuries.—(a) In case of disability partial in character but permanent in quality, compensation shall be paid to the employee at the rates enumerated for the periods as follows:
   (i) 1. An award of compensation for a period less than 75 weeks in a claim arising from events occurring on or after January 1, 1988 shall be paid at a rate of thirty-three and one-third per centum of the average weekly wages, in no case to exceed $80 per week.
   § 36(3)(c) provides in pertinent part:
   (c) In no case of permanent partial disability shall the employee receive less than a minimum of fifty dollars per week unless the employee's established weekly wages are less than fifty dollars per week at the time of injury, in which event the employee shall receive compensation equal to the employee's weekly wages. Such payments shall be paid to the employee for the period named in the schedule as follows: ....

to the character of the mutilation and disfigurement as compared with mutilation and injury hereinbefore specifically provided for.

We begin by noting that "[t]he general purpose of the Workmen's Compensation Act is to provide compensation for loss of earning capacity resulting from accidental injuries sustained in industrial employment." *Beth. Shipyard v. Damasiewicz*, 187 Md. 474, 480, 50 A.2d 799 (1947).

■ Appellee's reliance on the well-established rule that the decisions of the Commission are *prima facie* correct is inapposite in this case. In *Montgomery County v. Lake*, 68 Md.App. 269, 273, 511 A.2d 541 (1986), Judge Rosalyn Bell, writing for this Court, stated:

> The issues presented in this appeal are purely questions of law. Where the facts are proved without contradiction and there exists no dispute as to any material inference of fact, a reviewing court may decide the issue as one of law. (Citations omitted) Thus no presumption of correctness attaches to the Commission's interpretations of the pertinent provisions of the statute.

The gist of appellants' argument is that an award for disfiguration constitutes an award for permanent partial disability and, thus, should be subject to the rates of payment set forth in § 36(3)(a).

Appellee asserts that disfigurement benefits are distinct from the benefits available for a permanent partial disability. According to appellee, the rate per week in a disfigurement case is not governed by the rates payable for a permanent partial disability because permanent partial disability benefits are inherently derived from loss of earning capacity and disfigurement benefits "have nothing to do with earning capacity." We disagree with appellee's basic premise.

According to the Court in *Damasiewicz*,

> The legislature, in providing for compensation for "Other mutilations and disfigurements, not hereinbefore provided for," intended to make compensable other injuries

which are similar to amputation or loss of use of members of the body specified in the schedule in so for [sic] as they are permanent and their degree and consequences can be ascertained.

187 Md. at 482, 50 A.2d 799.

In *Bethlehem Steel Co. v. Wilson*, 210 Md. 568, 572, 124 A.2d 249 (1956), the Court explained:

When the Compensation Act was first adopted by the Legislature in 1914, there was no provision for compensation for disfigurement. It was provided by Laws of 1920, Chap. 456. As originally enacted in 1920, the proviso was that compensation would be allowed in the discretion of the Commission " * * * for not less than ten weeks nor more than one hundred weeks * * * ". By the Laws of 1949, Chap. 461, the Legislature took out the requirement that the award be for a minimum of ten weeks and gave the Commission the right to make any award up to one hundred weeks.[4] In the *Damasiewicz* case, the Court noted the impracticability of measuring disfigurements like other disabilities, as well as that the general purpose of the Workmen's Compensation Act is to compensate for loss of earning capacity resulting from accidental injuries sustained in industrial employment, and that the Legislature had recognized that disfigurement constitutes an economic loss in the sense of diminished power to produce, because it " * * * for example, may very probably have a harmful effect upon the ability of the disfigured person to retain or secure employment." The Court went on to say: "Of course, there may be individual instances which do not impair earning capacity, but in the majority of cases disfigurement sooner or later may have a harmful effect; and the lawmakers who enact compensation statutes must deal with general tendencies. The Maryland Legislature has conferred upon the Industrial Acci-

---

4. The Court's use of the words "the right to make *any award* up to 100 weeks" can only refer to whether an award was made, and not "any dollar amount."

dent Commission discretion to determine whether a claimant has suffered such bodily disfigurement as entitles him to workmen's compensation. The Commission may award compensation for disfigurement even though the claimant has not shown that it diminishes his earning capacity.

That disfigurement under ¶ (h) of § 36(3) is a form of partial permanent disability is further supported by the wording of the statute itself. In *Harris v. City of Baltimore*, 306 Md. 669, 673, 511 A.2d 52 (1986), the Court stated:

In resolving the question before us, we initially look to the language in the statute. If it is clear and unambiguous, then we need look no further. [Citations omitted.] In such a case, a plainly worded statute must be construed without forced or subtle interpretations designed to extend or limit the scope of its operation. Doing so merely provides the clearest indication of the legislative intent and is thus the primary source for all statutory construction. [Citations omitted.]

Section 36(3) of Article 101 deals entirely with permanent partial disabilities. Paragraphs (c), (d), and (e) specify the number of weeks of compensation for specific injuries involving the loss or loss of use of various parts of the body; amplifying thereon, ¶ (f) prescribes how amputations of parts of limbs are to be apportioned to the loss of the entire limb; ¶ (g) deals with amputations or loss of use of parts of any member of the body for which compensation is not specifically provided, instructing the Commission how to determine the number of weeks of compensation to be awarded. Following those provisions, ¶ (h) begins: "For other mutilations and disfigurations not hereinbefore provided for, compensation shall be allowed in the discretion of the Commission,...." As explained in *Wilson*, the statute gives the Commission discretion to determine whether a claimant has suffered such bodily disfigurement as entitles him to any award of workers' compensation. If it decides that compensation should be awarded, the Commission is

then directed to determine the number of weeks for which compensation will be paid: "... for not more than 156 weeks, as the Commission may fix, in each case having due regard to the character of the mutilation and disfigurement as compared with mutilation and injury hereinbefore specifically provided for."

There is no mention in ¶ (h) of the Commission having any discretion with respect to the amount of compensation payable each week.

The words in ¶ (h), "compensation shall be allowed in the discretion of the Commission," cannot be understood except in the context of the entire statutory scheme. "In determining legislative intent, therefore, a court must read the language of the statute in context and in relation to all of its provisions, . . . ." *Public Serv. Comm'n v. Balto. Gas & Elec.*, 60 Md.App. 495, 509, 483 A.2d 796 (1984), *aff'd*, 305 Md. 145, 501 A.2d 1307 (1986).

Paragraph (j) of § 36(3) clearly indicates that disfigurement or disfiguration, as provided for in ¶ (h), is a type of permanent partial disability, similar to but less severe than amputation or loss of use of a member of the body or part thereof. It states:

> In all other cases of disability other than those specifically enumerated disabilities set forth in paragraphs (c) through (i), inclusive, of this section, which disability is partial in character, but permanent in quality, ... compensation shall be paid to the employee at the rates enumerated for the periods as provided in subsection (3)(a)(i) through (iii), inclusive, of this section. In no case shall the employee receive less than a minimum of fifty dollars per week. . . .

Pellucidly, ¶ (h) is part of, not separate and distinct from, all those lettered paragraphs of subsection (3) of § 36 that specifically enumerate various permanent partial disabilities.

■ We hold therefore that the Commission's discretion extends only to a finding of whether there is a disfigure-

ment for which compensation should be paid pursuant to ¶ (h), and, if so, the number of weeks for which compensation must be paid, up to a period of 156 weeks. Thereafter, the Commission is required to follow the schedule of awards based upon claims for permanent partial disability as set forth in § 36(3), which is dependent upon the employee's average weekly wage. Accordingly, we must reverse the judgment of the circuit court and remand the case to it for a reversal of the Commission's decision and a remand to the Commission for further proceedings. Although our ruling is in favor of appellants, because of the discrepancy in the relative abilities of the parties to bear the costs of litigating over such a small sum as is involved in this case, we shall exercise our discretion and assess appellants with the costs of this appeal.

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLANTS.