**GENERAL MOTORS CORPORATION, Employer-Appellant,**

v.

**Dennis H. JARRELL, Claimant-Appellee.**

Superior Court of Delaware, New Castle County.

Submitted: Feb. 8, 1985.
Decided: May 16, 1985.

Max S. Bell, Jr., and William W. Bowser of Richards, Layton & Finger, Wilmington, for employer-appellant.

Robert P. LoBue, Wilmington, for claimant-appellee.

O'HARA, Judge.

General Motors Corporation ("employer") appeals the decision of the Industrial Accident Board ("Board") dated July 18, 1984, awarding workers' compensation benefits to Dennis H. Jarrell ("claimant"). Employer contends that the Board misinterpreted the term "hospitalization" in 19 *Del.C.* § 2321. This Court agrees.

The facts are undisputed. On September 29, 1983, claimant suffered a laceration of the nose in the course of his employment. Claimant went to the plant infirmary where the nurse on duty cleaned the wound and determined that suturing was necessary.

Employer has a physician who is on duty at the plant infirmary about 30% of the time the assembly line is in operation and who sutures lacerations of the type suffered by claimant. In the instant case, however, the plant physician was not available. Consequently, arrangements were made for claimant to be taken to the emergency room at St. Francis Hospital for suturing.

Following the suturing, claimant returned to work and was assigned restricted

duties for the remainder of his shift. One to two hours elapsed between the time of the injury and claimant's return to work. On September 30, the day after the injury, claimant returned to his regular work.

■ Based on these facts, the Board found that claimant had been hospitalized within the meaning of 19 *Del.C.* § 2321, and therefore, was entitled to benefits despite the fact that claimant had missed only a couple of hours of work.[1] The Board concluded that claimant's injury had resulted in "hospitalization" because St. Francis had accepted claimant as a patient and rendered treatment to him; relying upon an earlier decision of the Board in *David Deibler v. The Olde Dinner Belle Inn, Inc.,* I.A.B. Hearing No. 719930 (February 5, 1982).[2]

Employer argues that the Board's interpretation of "hospitalization" is inconsistent with the ordinary and accepted meaning of the term and violative of the policy underlying the Workmen's Compensation Law ("the Act"). Claimant, on the other hand, contends that the Legislature intended that the Act be liberally construed in favor of workers, and therefore, that the Board's construction of the term "hospitalization" should be upheld.

■ The duty of this Court on an appeal from the Board is to determine whether the Board's decision is supported by substantial evidence and free from legal error. *Talmo v. New Castle County,* Del.Super., 444 A.2d 298 (1982), aff'd, Del.Supr., 454 A.2d 758 (1982). In the case *sub judice,* the Court concludes that the Board erred as a matter of law, and therefore, its decision must be reversed.

■ In view of the fact that "hospitalization" is not defined in the Act, it must be given its common and ordinary meaning. *Bailey v. State,* Del.Supr., 450 A.2d 400 (1982); *Moore v. Chrysler Corporation,* Del.Supr., 233 A.2d 53 (1967). The common and ordinary meaning of "hospitalization" is admission to the hospital as an in-patient, not brief treatment in an emergency room as an out-patient. Schmidt's *Attorneys' Dictionary of Medicine* (1984) defines "hospitalization" as "[t]he medical care received by a patient who remains in a hospital for some time, as opposed to emergency treatment followed by discharge." Similarly, Blackiston's *New Gould Medical Dictionary* (2d ed. 1956) defines "hospitalization" as "[m]edical care in treatment at a hospital for serious cases or those needing care for a long time, as contrasted with emergency or first aid treatment administered at a hospital."

Employer here presented testimony consistent with these definitions. The supervisor of nurses at employer's infirmary, a registered nurse, testified that in her profession the common understanding of "hospitalization" is "being admitted to the hospital overnight." Employer's employee benefits representative also testified concerning the meaning of "hospitalization" in the General Motors-United Auto Workers National Agreement. In administering benefits pursuant to the program for at least the past 12 years, a visit to an emergency room has not constituted "hospital-

1. Title 19, § 2321 of the Delaware Code, captioned "Minimum duration of incapacity", provides that:

[n]o compensation shall be paid for any injury which does not incapacitate the employee for a period of 3 days from earning full wages, and compensation shall begin on the fourth day of incapacity after the injury, unless the incapacity extends to 7 days, including the day of injury, or unless the incapacity is caused by the amputation of a member of the body or a part thereof, or unless the incapacity results in the hospitalization of the employee. In the case of incapacity for a 7 day period, amputation or hospitalization, the employee shall not be excluded from receiving compensation for the first 3 days of incapacity.

2. While this Court is not bound by prior decisions of the Board, the Court notes that in *David Deibler v. The Olde Dinner Belle Inn, Inc.,* supra, the Board relied upon an exhibit (presumably a hospital record) which indicated that the claimant had been admitted to the hospital at 4:03 p.m. and discharged at 6:00 p.m. A similar exhibit was not presented in the instant case.

ization;" rather, "confinement overnight", with a charge for a room has been required.

■ This common and ordinary meaning of "hospitalization" is consistent with the purpose of § 2321. Section 2321 generally provides that no compensation shall be paid for an injury which does not incapacitate an employee for a period of 3 days of employment. See *New Castle County v. Goodman,* Del.Supr., 461 A.2d 1012 (1983); *Smith v. Feralloy Corp.,* Del.Supr., 460 A.2d 516 (1983). The only stated exceptions to this general rule are where the incapacity extends to 7 days, is caused by amputation or results in hospitalization. The Legislature presumably intended to bar recovery for short-term disability absent one of the stated exceptions. Accord *New Castle County v. Goodman,* supra; *Smith v. Feralloy Corp.,* supra. If, however, an employee is absent from work for 7 days or there is an amputation, the injury apparently is deemed sufficiently serious to warrant compensation (unless, of course, the employer proves there is some ground for questioning the genuineness of the claim). The hospitalization exception should be similarly construed to cover only short-term disabilities sufficiently serious to require "hospitalization" within the ordinary meaning of the term.

■ Construing "hospitalization" in accordance with the generally accepted meaning of the term, it is apparent that claimant was not hospitalized, and therefore, is not entitled to compensation. Claimant was at the hospital for less than 2 hours, received only minor emergency treatment, and was never admitted as an in-patient.

Moreover, claimant was taken to the hospital in the first place only because employer's physician was unavailable to suture claimant's wound on employer's premises. Claimant does not dispute that had the plant physician been present, claimant would never have been taken to the hospital. Employer's contention that claimant should not be entitled to benefits on account of the happenstance that the plant physician was unavailable when he was injured, while other employees with similar injuries are treated on the premises and therefore, rendered ineligible for compensation, is well-taken.

Contrary to claimant's argument, the Court does not believe that the cases which provide that the Act be liberally construed in order to fulfill its twin purposes of providing a scheme for assured compensation for work related injuries without regard to fault and to relieve employers and employees of the expenses and uncertainties of civil litigation, e.g., *New Castle County v. Goodman,* supra; *Kofron v. Amoco Chemicals Corp.,* Del.Supr., 441 A.2d 226 (1982); *Beam v. Chrysler Corporation,* Del.Supr., 332 A.2d 143 (1975); *Children's Bureau v. Nissen,* Del.Supr., 29 A.2d 603 (1942), advance claimant's argument. This Court cannot under the guise of liberal interpretation give a plain and unambiguous word in the Workmen's Compensation Act something other than its usual and accepted meaning. *Pusey v. Reed,* Del.Super., 258 A.2d 460 (1969).

For the foregoing reasons, the decision of the Board is reversed.

IT IS SO ORDERED.

In view of the decision reversing the award of the Board, the Court has not addressed employer's additional contention that the Board's award of attorney fees was in an amount exceeding the permissible amount under the appropriate statute.