IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IDA WARREN, | : C.A. No. S18A-08-002 CAK |
| | : |
| Claimant/Appellant, | : |
| | : |
| v. | : |
| | : |
| AMSTEAD INDUSTRIES, INC. | : |
| | : |
| Employer/Appellee. | : |

Submitted: March 26, 2019
Decided: April 23, 2019

*Upon the Claimant's Appeal from the Industrial Accident Board*

**<u>MEMORANDUM OPINION</u>**

Adam F. Wasserman, Esquire, Ciconte Serba LLC, Wilmington, Delaware 19899
Attorney for Claimant/Appellant.

Linda L. Wilson, Esquire, Marshall Dennehey Warner Coleman & Goggin,
Wilmington, Delaware 19899, Attorney for Employer/Appellee.

KARSNITZ, J.

Appellant, Ida Warren ("Warren" or "Claimant") suffered injuries to both her upper extremities while working for Appellee, Amstead Industries, Inc. ("Employer"). She received a variety of workers' compensation benefits provided pursuant to 19 *Del. C.* Chapter 23. She was paid total disability benefits for many years. In 2017, Employer filed its last petition to review and terminate Claimant's total disability benefits. In 2018, the Industrial Accident Board (the "Board") granted Employer's petition and Claimant has appealed.

Claimant raises three issues on appeal. The first issue is did the Board committed legal error by considering if Claimant had retired and removed herself from the work marketplace. Alternatively Warren claims if the retirement issue was properly before the Board, the Board erred as a matter of law and abused its discretion in finding that she retired. Finally Warren alleges the Board erred by admitting certain testimony of Barbara Stevenson, Employer's vocational rehabilitation expert, and a related requests for sanctions.

In my opinion, Employer did not properly plead the retirement issue and it was not fairly before the Board. I reverse the Board's decision and remand the case for further proceedings consistent with my opinion. Because of my decision as to the first issue, I would normally consider the second and third issues moot. However, I have addressed each of these issues briefly in the hope that my

2

comments will be helpful to the parties.

## Standard of Review

The standard of review by this Court of decisions of the Industrial Accident Board is well trodden ground. This Court gives factual decisions of the Board substantial deference and will reverse only if they are not supported by substantial evidence.[1] This Court provides plenary review of legal issues.[2]

## Facts

The parties agree as to relevant facts. Claimant worked for Employer for a number of years and while employed she sustained injuries to both her upper extremities and shoulders. She received worker's compensation total disability

[1] *Person-Gaines v. Pepco Holdings, Inc.*, 2009 WL 1910950 (Del. Super. Ct. April 23, 2009), *aff'd Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159 (Del. 2009) ("The duty of this Court on an appeal from the Board is to determine whether the decision below is supported by substantial evidence …Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The standard of review requires the reviewing court to search the entire record to determine whether, on the basis of all of the testimony and exhibits before the agency, it could fairly and reasonably reach the conclusion that it did. It is within the province of the Board to determine the credibility of witnesses and the factual inferences that are made from those determinations. Only where there is no substantial, competent evidence to support the Board's factual findings may this Court overturn the Board's decision.") *See also General Motors Corp. v. Jarrel*, 493 A.2d 978, 980 (Del. Super 1985); *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993); *Nat'l Cash Register v. Riner*, 424 A.2d 669, 674-75 (Del. Super. 1980); *Standard Distributing, Inc. v. Hall*, 897 A.2d 155, 158 (Del. 2006); *Johnson v Chrysler Corp.*, 213 A.2d 64, 67 (Del. 1965).

[2] *Id.*; *Stanley v. Kraft Foods, Inc.* 2008 WL 2410212, at *2 (Del. Super. Mar. 24, 2008), citing *Histed, supra*, at 342.

benefits pursuant to an agreement[3] with Employer from October 30, 2010 until those benefits were terminated by Order of the Industrial Accident Board dated July 23, 2018, and from which this appeal was filed.

I find it relevant that Employer filed similar petitions in 2011, 2013 and 2015, all of which were either denied or withdrawn. Employer filed its fourth petition in 2017. The Industrial Accident Board recited that the petition of the Employer alleged "... that Claimant was physically capable of returning to work; and therefore, no longer entitled to total disability benefits."[4] The petition itself is a form provided by the Industrial Accident Board upon which Employer checked the following two parts:

> "Claimant is physically able to return
> to work
>
> Other - Ida Warren is hereby notified to
> look for work in the open labor market."[5]

In the ordinary course of worker's compensation litigation, the parties completed a pretrial memorandum on a Board form. The form is also a "check the box" document. Here, and relevant to the total disability issue,[6] Employer checked

---

[3] See 19 *Del. C.* §2344.

[4] Decision of the Industrial Accident Board dated July 23, 2018, at page 2.

[5] D.I. No. 12, Exhibit B

[6] Employer also raised issues concerning medical expenses not relevant to this appeal.

4

the following:

> "12    d.  Claimant's current injuries are not
> causally related to a work accident
>
> e.  The period of total disability is not as alleged
>
> f.  The period of partial disability is not as alleged
>
> m.  Displaced Worker Doctrine does not apply

Paragraph 13 of the Board's form provides a place for the Employer to state any other defense upon which it relies. Employer made three entries in this section, none of which addressed the retirement issue. Neither party mentions retirement in the petition or the pretrial memorandum. As allowed by Board rules, Employer amended its portion of the Pretrial Memorandum prior to the hearing, but did not mention the retirement issue.

In preparing for the Board hearing, Claimant took the depositions of Richard DuShuttle, M.D. and Jeffrey Meyers, M.D. Both testified generally concerning medical issues. In addition, Employer asked Dr. DuShuttle about a portion of an office note dating back to 2013 in which Dr. DuShuttle stated Claimant told him she was retired. Employer also asked Dr. Meyers about Dr. DuShuttle's note; Dr. Meyers confirmed the note as part of the medical record. Employer also presented evidence from an occupational therapist, Neil Taylor.

5

Taylor mentioned in his testimony that Claimant had said she intended to retire at an age which she now had reached.

The Board hearing was held over two days separated by several months. In the time between the two days of Board hearings counsel communicated about the case. The communications included a letter dated February 18, 2018 from Employer's counsel to Claimant's counsel in which she stated:

> "In this case, based on the evidence to date,
> I think there is a good chance that the Board
> will find that your client is now living a
> retirement lifestyle and that she is therefore
> not entitled to any partial benefits"[7]

Neither party made the "retirement" argument until Employer's closing argument. Claimant timely objected asserting it had not been fairly raised. The Board implicitly overruled Claimant's objection, since it decided the case on the retirement issue. In its decision the Board stated:

> "The primary issue in this case is whether
> or not Claimant voluntarily retired or
> resigned from Employer"[8]

The parties spent considerable time and effort reciting facts and

---

[7] See D.I. 14, page B930

[8] Decision of the Industrial Accident Board dated July 23, 2018, at page 34.

6

discussing legal questions in addressing the third issue. Claimant contends she was not provided portions of Ms. Stevenson's reports and that Ms. Stevenson committed perjury in her testimony. I find the issues surrounding Ms. Stevenson moot and will address them only briefly in my analysis.

## Analysis

### 1. Was The Retirement Issue Properly Before the Board?

Delaware law allows an Employer paying total disability payments to challenge continuing payments by filing a Petition for Review. Petitions for Review are common and typically rely upon claims that a Claimant is no longer disabled. In the alternative, if any disability has diminished to the point a Claimant has the ability to work, Petitions for Review will focus upon both the physical and other abilities of the Claimant, and what employment opportunities are available to Claimant considering any residual physical limitations. Delaware law also requires a Claimant who has the ability to work seek employment.[9] The requirement for work can implicate a claimant's decision to retire. Simply put, if a claimant is able to work and decides to retire, she is no longer entitled to receive

---

[9] *Franklin Fabricators v. Irwin*, 306 A.2d 734, 737 (Del. 1973); *Watson v. Wal-Mart Associates*, 30 A.3d 775 (Del. 2011).

disability payments.[10] Claimant's retirement status is fair game for an Employer. In this case Employer failed to plead or otherwise give notice to Claimant of the retirement issue which was, according to the Board itself, the primary issue.

Industrial Accident Board Rule 9(A)(4) states that hearings shall be held "...on the issues that are subject to the petition." IAB Rule 9(B)(5)(b) also requires the Pretrial Memorandum to contain "...a complete statement of what the petitioner seeks and alleges ..." and "...a clear statement of the basis for the petition." Not surprisingly, case law explains that the Board rules are to provide for "more efficient administration of justice..." and "...the prevention of surprise."[11]

The designers of the workers' compensation system sought simplicity, but all hearing processes must provide fair notice of important, and certainly primary, issues to be litigated. Fundamental concepts of due process require as much.

Employer does not dispute that retirement was not mentioned in any of the pretrial documents. Employer's argument has several components.

---

[10] *Estate of Jackson v. Genesis Health Ventures*, 23 A.3d 1287 (Del. 2011); *Gen. Motors Corp. v. Willis*, 2000 WL 1611067, at *2 (Del. Super. Sep. 5, 2000); *Chrysler Corp. v. Kaschalk*, 1999 WL 458792, at *3 (Del. Super. June 16, 1999).

[11] *Fountain v. McDonalds,* 2016 Del. Super., Lexis 308, at 20 (June 30, 2016), affd 2017 WL 1081010, 2017 Del. Lexis 126 (Del. 2017)

8

First, it asserts that the retirement issue is derivative to the general claim that Claimant was no longer disabled and no longer entitled to disability benefits. Second, Employer argues that Claimant should have known retirement was an issue as it was mentioned at several depositions, in the testimony of Employer's occupational therapist, and Claimant even addressed questions concerning the retirement issue to these witnesses. Third, Employer argues that, to the extent there was any ambiguity, it was dispelled by Employer's counsel's letter, which specifically raised the issue and cured any procedural problem. I disagree with these contentions.

In my opinion, the primary issue in any case must be directly raised in the pleadings. Raising the issue by implication is insufficient. Board Rules provide several steps for either party to provide notice of their claims. Employer's presenting the allegation in its closing argument is much too late.

Employer cites *Yellow Freight System, Inc. v. Barns*[12] in support of its position, in which the roles of claimant and employer were reversed. In *Yellow Freight* employer claimed that claimant raised a legal issue for the first time at the hearing in the case. The Court in *Yellow Freight* found that employer should have been familiar with claimant's argument, and refused to impose a hyper-technical

---

[12] 1999 WL 167780 (Del. Super., March 5, 1999)

9

interpretation of Board rules. This case is distinguishable from Yellow Freight in that, here, the retirement allegation at issue was the *primary* claim, and an interpretation of Board Rules requiring it to be articulated in pleadings is not-hyper technical, but based upon the Board Rules' express terms. Thus I find *Yellow Freight* inapposite.

Had Employer been as clear in its pleadings as it was in counsel's letter of February 28, 2018 (in which she expressly raised the issue), the result in this appeal would have been different. That letter came after the first day of the hearing, after Employer had rested its case, and after depositions had been completed. The express articulation of the retirement issue came too late.

I also reject the claim that Claimant should have divined the issue from the general claims. This claim of Employer asks too much and gives too little.

In my opinion, as a result of the lack of notice the parties failed to appropriately develop the retirement issue. I cannot discern the Board's thinking on this procedural issue as the Board never addressed it.

### 2. Did the Board Properly Determine the Retirement Issue?

Claimant contends the Board made findings inconsistent with the evidence and not supported by substantial evidence concerning retirement.

10

Claimant discusses in her argument distinctions between testimony and the Board findings. The discussion illustrates to me the failure to develop the record as to the retirement issue. Given my decision on the first issue, I do not need to address these contentions.

### 3. Issues Concerning Barbara Stevenson's Testimony.

The parties spent considerable effort exploring why certain parts of Ms. Stevenson's reports were not initially supplied to Claimant, and her testimony concerning these missing parts. Claimant correctly contends the missing parts would have provided fruitful grounds to cross-examine Ms. Stevenson. I note that none of these issues, facts or questions relate to the primary issue of retirement. Claimant further alleges that Ms. Stevenson committed perjury, and Employer's counsel ethical violations. I disagree and believe the Industrial Accident Board correctly resolved these issues. Briefly, I believe the record shows Ms. Stevenson was honestly confused by certain questions. In my opinion, the Board correctly allowed Ms. Stevenson's testimony and rejected the claims for sanctions.

I address these claims because they were accompanied by heated rhetoric by counsel, and an uncivil comment by Employer's counsel. Although I understand emotion in the throes of a contentious case, I expect better.

11

## Remedy

Claimant asks me to remand this case for decision by the Board, without considering the retirement issue, on the existing record. I decline to do so for several reasons. Claimant's position is inconsistent with her claim that the lack of notice resulted in her not having the opportunity to fully develop the record. I also think it would be unfair at this stage to deny Employer the opportunity to argue the retirement issue. Both parties now have more than adequate notice of it, and the opportunity to present whatever additional evidence they decide appropriate. Thus a full hearing on all issues should be held by the Board.

Finally, Claimant has prevailed on one of the three arguments she raised and is claiming fees for this appeal. I am directing Claimant to provide to me, within twenty days of this Order, an affidavit providing a detailed breakdown of the time spent on the three issues, as well as a letter outlining whether I should award fees only for the issue upon which Claimant prevailed, or all issues.[13] Employer shall provide its response within twenty days, and Claimant shall reply within ten days thereafter.

I am entering this opinion as my Order.

---

[13] 19 *Del. C.* §2350(f).

12